### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **DAVID ERWIN, On Behalf of Himself** | § | |
| **and All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO.  3:16-cv-00105** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **APPLUS VELOSI AMERICA, LLC,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### PLAINTIFF'S ORIGINAL AND COLLECTIVE ACTION COMPLAINT

1.      Defendant Applus Velosi America, LLC ("Defendant") required Plaintiff David Erwin ("Plaintiff") to work more than forty (40) hours in a workweek as a welding and electrical inspector.  Plaintiff is an employee paid on a daily rate basis who performs inspections on electrical equipment and welding projects.  Defendant misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2.      Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

3.      Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former day rate workers who performed work for Defendant associated with inspection services throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

1

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§ 216(b), 28 U.S.C. § 1331.

5.      Venue is proper in the Southern District of Texas because a substantial portion of

the events forming the basis of this suit occurred in this district.

## PARTIES AND PERSONAL JURISDICTION

6.      Plaintiff David Erwin is an individual residing in St. Mary Parish, Louisiana.

Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed

work for Defendant in Texas during the last three years.

7.      The "FLSA Class Members" are all current and former day rate workers who

performed work for Defendant associated with performing inspections for oil and gas companies

throughout the United States during the three-year period before the filing of this Complaint.

8.       Defendant Applus Velosi America, LLC is a domestic limited liability company.

Defendant may be served with process through its registered agent Steven D. Grossman, 4544

Post Oak Place Drive, Suite 270, Houston, Texas 77027 or wherever he may be found.

9.      This Court has personal jurisdiction over Defendant because it is a Texas

company.

## COVERAGE

10.     At all material times, Defendant has been an employer within the meaning of 3(d)

of the FLSA.  29 U.S.C. § 203(d).

11.     At all material times, Defendant has been an enterprise within the meaning of 3(r)

of the FLSA.  29 U.S.C. § 203(r).

12.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13.     Defendant has an annual gross business volume of not less than $500,000.

14.     At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

15.     Defendant provides vendor inspection, third party inspection, certification, testing and manpower services for the oil and gas industry worldwide.

16.     Defendant employs its workforce to perform inspection services in multiple states including Texas, Louisiana, South Carolina, Washington, and Michigan.

17.     Plaintiff and FLSA Class Members are employed by Defendant as inspectors.  As such, their primary duties consist of inspecting oil and gas projects located throughout Texas and the United States.

18.     Plaintiff and FLSA Class Members worked on a regular basis for Defendant at various locations, performing inspections for the oil and gas industry at such locations.

19.     While working for Defendant, Plaintiff interacted with and became familiar with the way Defendant treats other employees with respect to overtime pay and their misclassification of such workers as independent contractors.  Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

3

20.     Defendant paid Plaintiff and FLSA Class Members on a daily rate basis.

21.     Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and FLSA Class Members.

22.     In addition, Defendant instructed Plaintiff and FLSA Class Members about when, where, and how they were to perform their work.

23.     Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff and FLSA Class Members:

   a.   Defendant required Plaintiff and FLSA Class Members to turn in the hours they worked once a week just like normal hourly-paid employees;

   b.   Defendant paid Plaintiff and FLSA Class Members on a non-negotiable daily rate it unilaterally set;

   c.   Defendant required Plaintiff and FLSA Class Members to report to their assigned location at a set time;

   d.   Plaintiff and FLSA Class Members had no control over what location they may be assigned to;

   e.   Defendant required Plaintiff and FLSA Class Members to request time off in advance and have that time off preapproved;

   f.   Defendant instructed Plaintiff and FLSA Class Members how to perform their job duties;

   g.   Defendant assigned Plaintiff and FLSA Class Members so many work hours per week that, as a practical matter, they were prevented from working for any other company;

4

h.  Defendant controlled the amount of hours and days Plaintiff and FLSA Class Members worked;

i.  Defendant dictated the locations at which Plaintiff and FLSA Class Members worked;

j.  Defendant required Plaintiff and FLSA Class Members to work more than forty (40) hours per workweek, and typically Plaintiff and FLSA Class Members worked more than seventy (70) hours per workweek;

k.  Plaintiff and FLSA Class Members services were integrated into Defendant's operations;

l.  Plaintiff and FLSA Class Members were required to perform their work in an order set by Defendant;

m.  Plaintiff and FLSA Class Members worked for Defendant for long and indefinite periods of time, as is common with employees;

n.  Defendant had rules that Plaintiff and FLSA Class Members were required to follow when performing their jobs; and

o.  Defendant maintained the right to discharge Plaintiff and FLSA Class Members at will.

24.    Furthermore, the degree of investment Plaintiff and FLSA Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Defendant provided any and all equipment or tools its workers would need at project locations.

25.    Defendant markets itself as a company focused on inspection, certification, testing, and manpower services to the oil and gas industry. Part of the package they offer their

customers is the services of Plaintiff and his fellow inspectors.  As such, the work of the inspectors is integral to Defendant's business.

26.     A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff and FLSA Class Members.

27.     Despite these facts, Defendant improperly classified Plaintiff and FLSA Class Members as independent contractors and not employees.

28.     Defendant classified their employees as independent contractors to avoid their obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to their work force.

29.     However, at all times, the inspectors and other similarly situated workers were employees of Defendant.

30.     Although Plaintiff has been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

31.     Instead, Plaintiff was paid a flat daily rate for all hours worked, regardless of how many hours he actually worked.

32.     That is, Defendant paid Plaintiff straight time for overtime hours.

33.     No FLSA exemption applies to daily-paid employees such as Plaintiff and FLSA Class Members.

34.     Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

6

35.      Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Accordingly, Defendant's violations of the FLSA were willful.

## VIOLATION OF 29 U.S.C. § 207

36.      Plaintiff incorporates all allegations contained in the foregoing paragraphs.

37.      Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

38.      None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

39.      Plaintiff has actual knowledge that FLSA Class Members have been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of their employees.

40.      Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work in Texas, Louisiana, Tennessee, Washington, and Michigan.

41.      Other daily paid workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

42.      Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

43.     Defendant has classified and continues to classify FLSA Class Members as independent contractors.

44.     FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

45.     FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

46.     As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

47.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

48.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

49.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

50.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

51.     The names and addresses of the Class Members are available from Defendant's records.  To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

52.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

53.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former workers classified as independent contractors who performed inspection work for Defendant throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.**

## DAMAGES SOUGHT

54.     Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

55.     Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

56.     Plaintiff and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

## PRAYER

57.     For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members respectfully request that judgment be entered in their favor awarding them the following:

a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.  Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

9

c.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d.  Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

**KENNEDY HODGES, LLP**

By:  */s/ Galvin B. Kennedy*
     Galvin B. Kennedy
     Texas Bar No. 00796870
     Federal ID No. 20791
     711 W. Alabama Street
     Houston, Texas 77006
     Telephone: (713) 523-0001
     Facsimile:  (713) 523-1116
     Email: gkennedy@kennedyhodges.com

*Lead Attorney-in-Charge for Plaintiffs*

10

# CONSENT FORM FOR
## WAGE CLAIM

Printed Name: _____


1.      I consent and agree to be represented by Kennedy Hodges, LLP and Avram Blair & Associates, PC, and to pursue my claims of unpaid overtime and/or minimum wage through the lawsuit filed against my employer under the Fair Labor Standards Act and/or applicable state laws.

2.      I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

3.      If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) _____     (Date Signed) 3/9/16 _____


EXHIBIT A